**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PLCA NATIONAL PIPELINE TRAINING FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036, | )<br>)<br>)<br>)<br>) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036, | )<br>)<br>)<br>)<br>) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE CONTRACTORS ASSOCIATION LABOR-MANAGEMENT COOPERATION TRUST<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036, | )  **C O M P L A I N T**<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| GENERAL PIPELINE CONSTRUCTION, INC.<br>3442 Amma Road<br>Amma, West Virginia 25005, | )<br>)<br>) |
| Serve:  John F. O'Dell<br>3442 Amma Road<br>Amma, West Virginina 25005 | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMGES
DUE TO EMPLOYEE BENEFIT FUNDS)**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1.  Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The Board of Trustees is the designated fiduciary in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The National Pipe Line Training Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.  The Plaintiff Board of Trustees of the International Union of Operating Engineers National Training Fund ("National Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The National Training Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37).  The National Training Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the National Training

Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1). The National Training Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

3. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Contractors Association Labor-Management Cooperation Trust ("Labor-Management Cooperation Trust") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Labor-Management Cooperation Trust is established and maintained according to the provisions of its Agreement and Declaration of Trust. The Labor-Management Cooperation Trust is administered by its Trustees at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The Board of Trustees is a designated fiduciary in accordance with the Labor-Management Cooperation Trust's Agreement and Declaration of Trust.

4. Defendant, General Pipeline Construction, Inc. is a West Virginia corporation that has a place of business at 3442 Amma Road, in Amma, West Virginia, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under Sections 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and

(c), and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions, pursuant to a collective bargaining agreement.

6. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

7. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## **FACTS**

8. Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement ("Agreement") that governs the wages, benefits and terms and conditions of employment of apprentices and journeymen performing work covered by the Agreement.

9. Pursuant to the Agreement, Defendant agreed to pay to the Plaintiffs certain sums of money for each hour worked by employees of the Defendant performing work covered by the Agreement.

10. Between the period of June 2011 to the present, Defendant has employed employees performing work under the Agreement.

11. During the period of June 2011 to the present, the Defendant failed to report hours worked and pay all contributions owing to the Plaintiffs.

12. Pursuant to the Plaintiffs' Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

13. Pursuant to the Plaintiffs' Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum or, for the Labor-Management Cooperation Fund, at a rate to be determined and established by the Board of Trustees.

14. Pursuant to the Plaintiffs' Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUNDS)

15. The Pipe Line Training Fund and National Training Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. The Defendant has failed to report hours worked and pay contributions owed to the Pipe Line Training Fund and National Training Fund as required by the Agreement for various months within the period June 2011 to the present.

17. Based on information available to the Pipe Line Training Fund and National Training Fund, the Defendant has failed to pay contributions owed to the Pipe Line Training Fund and National Training Fund as required by the Agreement for various months within the period June 2011 to July 2019 in the amount of $124,151.00.

18. By virtue of the failure to report and pay all contribution amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations

under the Pipe Line Training and National Training Funds' respective Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

19. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Pipe Line Training Fund and National Training Fund.

20. The Pipe Line Training Fund and National Training Fund are entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

21. The Pipe Line Training Fund and National Training Fund will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (OTHER CONTRIBUTION PAYMENTS)

22. The Labor-Management Cooperation Trust hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in Count II.

23. Pursuant to the Agreement, Defendant agreed to report and pay to the Labor-Management Cooperation Trust certain sums of money for each hour worked by Defendant's employees covered by the Agreement.

24. Defendant employed certain employees covered by the Agreement, but failed to report and pay the entire amounts when due to the Labor-Management Cooperation Trust during the period January 2019 to the present.

25.     Based on information available to the Labor-Management Cooperation Trust, the Defendant has failed to pay contributions owed to the Labor-Management Cooperation Trust as required by the Agreement during the period January 2019 to July 2019 in the amount of $664.05.

26.     By virtue of failure to report and pay all contribution amounts as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Labor-Management Cooperation Trust's Agreement and Declaration of Trust.

27.     The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Labor-Management Cooperation Trust.

28.     The Labor-Management Cooperation Trust is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

29.     The Labor-Management Cooperation Trust will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant on Count I and Count II of the Complaint as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed during the months of June 2011 up to the date of judgment.

B.     For liquidated damages and interest for any late-paid and unpaid contributions owed as provided for in the Agreement, Agreements and Declarations of Trust, and/or pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiffs subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreement, Agreements and Declarations of Trust, and/or 29 U.S.C. § 1132(g)(2).

D. For costs and reasonable attorneys' fees up to the date of judgment as required by the Agreement, Agreements and Declarations of Trust, and/or as required by 29 U.S.C. § 1132(g)(2).

E. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: January 14, 2020      By:      /s/ Charles W. Gilligan
                                      Charles W. Gilligan (Bar No. 394710)
                                      **O'DONOGHUE & O'DONOGHUE LLP**
                                      5301 Wisconsin Avenue, N.W., Suite 800
                                      Washington, D.C. 20015
                                      Telephone: (202) 362-0041
                                      Facsimile: (202) 237-1200

                                      *Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 14th day of January, 2020 on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

>>/s/ Charles W. Gilligan
>>Charles W. Gilligan